United States District Court
Southern District of Texas
**ENTERED**
July 20, 2026
Nathan Ochsner, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| Clovis Ambe Fuh, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil No. 4:26-cv-3612 |
| | § | |
| Martin Frink, | § | |
| | § | |
| Respondent. | § | |

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

Petitioner Clovis Ambe Fuh is a native and citizen of Cameroon who concedes that he unlawfully entered the United States on January 27, 2025. Docs. 1-1 at 1, 9-1. He was immediately detained by the Department of Homeland Security pursuant to 8 U.S.C. § 1225(b)(2)(A), and he remains in the custody of Respondent, Warden of the Houston Contract Detention Facility, in Houston, Texas. Docs. 1 at 1, 9 at 1. Petitioner, proceeding *pro se*, seeks a writ of *habeas corpus* under 28 U.S.C. § 2241 on the grounds that his present detention without a bond hearing violates the *Accardi* Doctrine.[1] Docs. 1 at 6, 1-1 at 1.

Now before the Court is Respondent's Motion for Summary Judgment, Doc. 9, to which Petitioner has responded in opposition, Doc. 12. Respondent maintains that Petitioner is not entitled to a bond hearing because he is an "applicant for admission" under

---

[1] Petitioner does not refer to the *Accardi* Doctrine by name. The Court, however, construes his contention that DHS has failed to abide by its own policies and regulations as an *Accardi* Doctrine claim. *See United States ex rel. Accardi v. Shaughnessy*, 347 U.S. 260 (1954).

8 U.S.C. § 1225(b)(2)(A) and is therefore subject to mandatory detention pending his removal proceedings. *See* Doc. 9 at 3–4; *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026).

This Court has previously resolved the precise challenge raised by Petitioner, determining that the government may subject aliens awaiting a final removal order to mandatory detention under 8 U.S.C. § 1225(b)(2)(A). *See Campos Bernal v. Frink*, 4:26-cv-2239, 2026 WL 1804234 (S.D. Tex. June 23, 2026). The Court held that for aliens such as Petitioner, pre-removal-order detention is both demanded by the Immigration and Nationality Act and a constitutionally permissible part of the removal process. *See id.* at *1, *4 (citing *Demore v. Kim*, 538 U.S. 510, 531 (2003)).

As such, Respondent's Motion for Summary Judgment is GRANTED, and the Petition for writ of *habeas corpus* is DENIED. This action is DISMISSED WITH PREJUDICE. The Clerk of Court is directed to CLOSE this case. A final judgment will be entered separately.

**SO ORDERED.**

**SIGNED** at Houston, Texas, on the 20th of July, 2026.

Nicholas J. Ganjei
United States District Judge